UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7101 VAP(JC) | Date | December 18, 2015 |
|---|---|---|---|
| Title | Levar Brown v. John Scott, Sheriff | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| none | none |

**Proceedings:**          (IN CHAMBERS)

**ORDER TO SHOW CAUSE RE DISMISSAL**

On September 11, 2014, Levar Brown ("petitioner"), a Los Angeles County jail inmate who is apparently awaiting trial, and is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").   The Petition consisted of an eight-page form and multiple attachments including a form petition for writ of habeas corpus for the United States District Court for the Southern District of California ("Other Petition").  As the Petition was deficient in multiple respects, the Court dismissed it with leave to amend on October 29, 2014 ("October Order"), afforded petitioner an opportunity to file a first amended petition, and directed the Clerk to provide petitioner with a blank current Central District habeas petition form for petitioner's use.[1]

On November 10, 2014, petitioner filed a First Amended Petition for Writ of Habeas Corpus ("First Amended Petition").  As the First Amended Petition was deficient in multiple respects, the Court dismissed it with leave to amend on November 13, 2015 ("November Order"), afforded petitioner an opportunity to file a second amended petition by not later than **December 3, 2015**, and directed the Clerk to provide petitioner with a blank current Central District habeas petition form for petitioner's use.[2]

---

[1]More specifically, the October Order notified petitioner that the Petition was deficient in at least the following respects:  (1) the grounds for relief asserted in the Petition were cryptic and conclusory and did not state facts supporting each ground as required; (2) the Petition was unclear as to whether petitioner intended to raise grounds for relief contained in the Other Petition; and (3) the Petition did not reflect whether any of the grounds for relief asserted in the Petition (or the Other Petition) had been presented to and resolved by the California Supreme Court as required.

[2]More specifically, the November Order notified petitioner that the First Amended Petition was deficient in at least the following respects:  (1) even though the Clerk had supplied petitioner with a blank current Central District of California habeas petition form, the First Amended Petition had not been presented on such form or on the national form appended to the current Rules Governing Section

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-7101 VAP(JC) | Date | December 18, 2015 |
|---|---|---|---|
| Title | Levar Brown v. John Scott, Sheriff | | |

The November Order expressly cautioned petitioner in bold-face print that the failure timely to file a Second Amended Petition in conformity with the November Order may result in the dismissal of this action based upon the deficiencies in the First Amended Petition which had been identified in the November Order, on petitioner's failure to obey the November Order, and/or on petitioner's failure to prosecute.  To date, although the foregoing deadline has expired, plaintiff has failed to file a Second Amended Complaint or to seek an extension of time to do so.

IT IS THEREFORE ORDERED that petitioner shall show cause in writing, on or before **January 7, 2016**, why this action should not be dismissed based upon the deficiencies identified in the November Order and/or based upon petitioner's failure to prosecute.  **If petitioner no longer wishes to pursue this action, he may expedite matters by instead signing and returning the attached Notice of Dismissal by the foregoing deadline.**

**Petitioner is cautioned that the failure timely to comply with this order and/or to show good cause, will subject this action to dismissal with or without prejudice based upon the deficiencies identified in the November Order, petitioner's failure to prosecute this action and/or petitioner's failure to comply with the Court's order.**

IT IS SO ORDERED.[3]

Attachment                                                                      Initials of Deputy Clerk: hr

---

[2](...continued)
2254 Cases in the United States District Courts (the "Habeas Rules") as required (citing Local Rule 83-16; Rule 2(d) of the Habeas Rules); (2) it had not been signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242, as required by Rule 2(c)(5) of the Habeas Rules and Local Rule 83-16.2; (3) the "issues"/grounds for relief asserted in the First Amended Petition (FAP at 2) were cryptic and conclusory and did not state facts supporting each ground as required (citing, *inter alia*, Rule 2(c) of the Habeas Rules); (4) the First Amended Petition did not reflect whether any of the grounds for relief asserted in the Petition had been presented to and resolved by the California Supreme Court as required; and (5) it appeared from the First Amended Petition that it was appropriate for the Court to abstain from considering petitioner's "issues" (citing, *inter alia*, Younger v. Harris, 401 U.S. 37 (1971)).

[3]The Court's orders herein constitute non-dispositive rulings on pretrial matters.  To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days.  See Local Rule 72-2.1.  To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days.  A party will be foreclosed from challenging the rulings herein if such party does not seek review thereof, or object thereto.