UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEVAR BROWN,<br><br>        Petitioner,<br><br>        v.<br><br>JOHN SCOTT,<br><br>        Respondent. | Case No. CV 14-7101 VAP(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION |

## I. BACKGROUND AND SUMMARY

On September 11, 2014, Levar Brown ("petitioner"), a Los Angeles County jail inmate who is apparently awaiting trial, and is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition consisted of an eight-page form and multiple attachments including a form petition for writ of habeas corpus for the United States District Court for the Southern District of California ("Other Petition"). On October 29, 2014, the Magistrate Judge issued an order ("October Order"), which advised petitioner that the Petition was deficient for reasons described in the October Order, dismissed it with leave to amend, afforded petitioner an opportunity to file a First Amended Petition if he wished to proceed with this action, and directed the Clerk to provide

petitioner with a blank current Central District habeas petition form for petitioner's use.[1] The October Order further expressly advised petitioner that the failure timely to file a First Amended Petition may result in the dismissal of this action based upon the deficiencies in the Petition identified in the October Order and/or upon petitioner's failure to prosecute.

On November 10, 2014, petitioner filed a First Amended Petition for Writ of Habeas Corpus ("First Amended Petition"). On November 13, 2015, the Magistrate Judge issued an order ("November Order"), which advised petitioner that the First Amended Petition was deficient for reasons described in the November Order, dismissed it with leave to amend, afforded petitioner an opportunity to file a Second Amended Petition by **December 3, 2015**, if he wished to proceed with this action, and directed the Clerk to provide petitioner with a blank current Central District habeas petition form for petitioner's use.[2] The November Order also expressly cautioned petitioner that the failure timely to file a

---

[1]Specifically, the Magistrate Judge advised petitioner, albeit in greater detail and with citation to authorities, that (i) the grounds for relief asserted in the Petition were cryptic and conclusory and did not state facts supporting each ground as required; (ii) to the extent petitioner was seeking to have the Court intervene in ongoing state criminal proceedings, this action – like his three prior federal habeas actions – may be subject to abstention absent a showing that his circumstances threatened great, immediate and irreparable injury; (iii) the Court could not discern whether petitioner intended to assert grounds contained in the Other Petition; and (iv) the Court could not discern whether any grounds asserted in the Petition had been exhausted.

[2]Specifically, the Magistrate Judge advised petitioner, albeit in greater detail and with citation to authorities, that (i) even though the Clerk had supplied petitioner with a blank current Central District of California habeas petition form, the First Amended Petition had not been presented on such form or on the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts as required; (ii) the First Amended Petition was not signed under penalty of perjury by petitioner or a person authorized to sign it for him as required; (iii) the "issues"/grounds for relief asserted in the First Amended Petition were cryptic and conclusory and did not state facts supporting each ground as required; (iv) the Court could not discern whether any grounds asserted in the Petition had been exhausted; and (v) it appeared from the First Amended Petition that, rather than intervening in petitioner's ongoing state criminal proceedings, it was appropriate for the Court to abstain from considering petitioner's claims.

Second Amended Petition may result in the dismissal of this action based upon the deficiencies in the First Amended Petition identified in the November Order and/or upon petitioner's failure to prosecute.

As petitioner neither filed a Second Amended Petition nor sought an extension of time to do so by the deadline set in the November Order, the Magistrate Judge, on December 18, 2015, issued an Order to Show Cause directing petitioner to show cause in writing, on or before **January 7, 2016**, why this action should not be dismissed based upon the deficiencies identified in the November Order and/or upon petitioner's failure to prosecute. The Order to Show Cause expressly cautioned that the failure timely to comply with the Order to Show Cause and/or to show good cause, would subject this action to dismissal with or without prejudice based upon the deficiencies identified in the November Order, petitioner's failure to prosecute this action and/or petitioner's failure to comply with the Court's order.

Although the deadline to respond to the Order to Show Cause has now expired, petitioner has not responded thereto. Nor has petitioner filed a Second Amended Petition, or otherwise communicated with the Court since before the issuance of the Order to Show Cause.

As discussed below, this action is dismissed due to petitioner's unreasonable failure to prosecute and petitioner's failure to comply with the Court's orders.

## II. PERTINENT LAW

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d

1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant/respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). In addition, where a Magistrate Judge originally dismissed the complaint with leave to amend, the District Judge must review that decision before dismissing the entire action. See McKeever, 932 F.2d at 797 ("While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action."). A district judge may not dismiss an action for failure to comply with a court order (*e.g.*, the Magistrate Judge's order to file an amended pleading) or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was

///

1 erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999)
2 (citing id.).

### III. DISCUSSION AND ORDERS

First, the Court has reviewed the October and November Orders, agrees with the October and November Orders, and finds that the Magistrate Judge properly dismissed the Petition and the First Amended Petition with leave to amend for the reasons discussed therein.

Second, petitioner has been notified that the Petition and First Amended Petition were deficient in multiple respects and has been granted leave to file a Second Amended Petition and to show good cause why dismissal of this action is not appropriate. Petitioner has done neither.

Finally, upon consideration of the five factors noted above, the Court finds that petitioner's unreasonable failure to prosecute his case and failure to comply with court orders warrants dismissal. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely awaiting petitioner's response to the Court's directives. The third factor, risk of prejudice to respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as petitioner has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the Order to Show Cause, has been afforded the opportunity to do so, and has not responded, no sanction lesser than dismissal without prejudice is feasible.

///
///

1      IT IS THEREFORE ORDERED that this action is dismissed without
2 prejudice based upon petitioner's unreasonable failure to prosecute and his failure
3 to comply with the Court's orders.
4      IT IS SO ORDERED.
5 DATED: _February 9, 2016

_____

HONORABLE VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE